IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEVERY L. HOGUE,                          )
                                          )
                    Petitioner,           )
                                          )
vs.                                       )          NO. CIV-05-1140-T
                                          )
                                          )
MIKE MULLINS,                             )
                                          )
                    Respondent.           )

O R D E R

     Petitioner, a state prisoner appearing *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  In accordance with 28 U. S. C. § 636 (b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings.

     Respondent filed a motion to dismiss the action on the grounds that petitioner failed to exhaust the available state remedies on his claims prior to filing this action.  Petitioner timely responded and, on December 30, 2005, the magistrate judge filed a Report and Recommendation [Doc. No. 11] in which he recommended that the motion be granted and that this action be dismissed without prejudice to petitioner's right to file a new action following the exhaustion of his state remedies on the claims asserted.  Because petitioner timely objected, the matter is reviewed *de novo.*

     Having reviewed the file and the record in this case as well as petitioner's arguments and his objection to the Report and Recommendation, the court finds that the magistrate judge correctly concluded that petitioner has failed to fully exhaust his state remedies.  For the following reasons, the court agrees that the action must be dismissed without prejudice to the filing of a new action after such remedies are exhausted.

Petitioner was convicted in 1980 in the District Court of Grady County, Oklahoma.  In 1982, his appeal was denied by the Oklahoma Court of Criminal Appeals.  The record reflects that he subsequently filed applications for post-conviction relief in 1984 and in 1986.  The 1984 application was denied, but the record does not indicate a ruling on the 1986 application.     Petitioner now seeks habeas relief from this court, arguing that (1) the jury was biased because jurors had determined his guilt prior to trial; (2) his counsel was ineffective because he advocated a pretrial stipulation for a life sentence; (3) perjury; and (4) he was denied a properly constituted jury.

Pursuant to statute, an application for federal habeas relief cannot be granted unless the applicant has first "exhausted the remedies available in the courts of the State."  28 U. S. C. § 2254(b)(1)(A); *see also* Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).    Petitioner must show that, for each claim he asserts, that a state appellate court had an opportunity to rule on the claim or that, at the time he filed this action, he had no available state avenue of redress.  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992).  Furthermore, where a habeas petition contains at least one unexhausted claim, dismissal is required.  Rose v. Lundy, 455 U.S. 509, 522 (1982).

In this case, the magistrate judge thoroughly reviewed the record and correctly concluded that  petitioner has failed to exhaust his state remedies on his claim that jurors had predetermined his guilt.  However, the magistrate judge concluded that further exhaustion of this claim would be futile; therefore, exhaustion is not required.  Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir. 1991).  With respect to petitioner's claims of perjury and denial of a properly constituted jury, the magistrate judge also concluded that further attempts to exhaust state remedies would be futile.

However, with respect to petitioner's claim of ineffective assistance of counsel, the

magistrate judge noted that petitioner has not exhausted this claim. Although he previously asserted a claim of ineffective assistance in his request for post-conviction relief , the basis for that claim was alleged prejudice by his counsel because petitioner is a transsexual; he also argued that counsel failed to respond to the district attorney. He does not assert those arguments in this action, but instead contends that his attorney was ineffective because he sought a stipulation regarding a life sentence. That claim has not previously been asserted by petitioner and, as a result, the state appellate court has not addressed it. Therefore, that claim in not exhausted.

The magistrate judge concluded that exhaustion of the ineffective assistance claim by the filing of another post-conviction relief application would not be futile because of the recent decision in Davis v. State, 123 P.3d 243 (Okla. Crim. App. 2005). In that decision, the court held that when trial and appellate counsel are the same, the state courts must consider all timely post-conviction claims involving ineffective assistance of trial counsel. 123 P. 3d 243, 246. Respondent, in fact, concedes that, pursuant to Davis, petitioner's failure to assert ineffective assistance on appeal would not be deemed a waiver of that claim because petitioner was represented by the same counsel at trial and on appeal.

The court agrees with the magistrate judge that, although exhaustion of state remedies on some claims asserted herein would be futile, petitioner can pursue the ineffective assistance of counsel claim in the state courts. Therefore, he asserts an unexhausted claim on which the state appellate court must have an opportunity to rule before he seeks habeas relief on that claim. Petitioner's objection to the Report and Recommendation contains no argument or authority that would mandate a different conclusion.

Accordingly, the Report and Recommendation [Doc. No. 11] is adopted. Respondent's

motion to dismiss is granted, and this action is dismissed without prejudice to petitioner's right to file a new habeas petition after he has fully exhausted the available state remedies on his claims.

IT IS SO ORDERED this 8th of March 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE